UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOTO LTD., a Japanese Company, and<br><br>TOTO U.S.A., INC., a Delaware Corporation, and<br><br>Plaintiffs,<br><br>v.<br><br>**AMERICAN STANDARD COMPANIES INC.**, a Delaware Corporation,<br><br>Defendant. | 07 CIV 7971<br><br>Civil Action No. _____<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs TOTO LTD. ("TOTO") and TOTO U.S.A., INC. ("TOTO U.S.") (collectively "Plaintiffs"), by and through counsel, file this Original Complaint against American Standard Companies Inc. ("American Standard" or "Defendant"), and allege as follows:

### THE PARTIES

1.  TOTO is a company organized and existing under the laws of Japan, with its principal place of business located at 1-1, Nakashima 2-chome, Kokurakita-ku, Kitakyushu, Fukuoka 802-8601, JAPAN;

2.  TOTO U.S. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1155 Southern Road, Morrow, GA 30260-2917;

3. TOTO U.S. is an indirectly-owned subsidiary of TOTO;

4. Upon information and belief, American Standard is a Delaware Corporation with a principal place of business at One Centennial Avenue, Piscataway, New Jersey, 08855;

## JURISDICTION AND VENUE

5. Plaintiffs bring this action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*;

6. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a);

7. Upon information and belief, this Court has personal jurisdiction over the Defendant in that Defendant, by itself or through its agents, regularly solicits, does, transacts, and engages in business in the State of New York and this judicial district, derives substantial revenue from goods supplied, sold, used, and / or consumed in the State of New York and this judicial district, has committed acts of patent infringement within the State of New York and this judicial district, which give rise to this action, and has established minimum contacts with the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice;

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b-c) and 1400(b);

## BACKGROUND

9. TOTO is engaged in the business of, among other things, the design, manufacture, sale, distribution, and importation of plumbing products and hardware.

TOTO is the world's largest plumbing products manufacturer, and is a leader in the global and U.S. residential and commercial sanitary ware ("Bath and Kitchen") markets;

10. TOTO U.S.A. INC. manufactures, markets, sells, and distributes TOTO products throughout North and South America, including Bath and Kitchen products;

11. U.S. Design Patent No. D406,329 ("the '329 Patent"), entitled "Trap Portion of a Water Closet," was duly and legally issued from the U.S. Patent and Trademark Office ("PTO") on March 2, 1999, in the names of several inventors. A true and correct copy of the '329 Patent is attached as Exhibit A;

12. TOTO is presently, and has been at all times relevant to this lawsuit, the owner of all right, title, and interest in and to the '329 Patent;

13. TOTO U.S. presently, and at all times relevant to this lawsuit, has standing to sue for infringement of the '329 Patent and recover damages therefor;

14. At all times relevant to this lawsuit, Plaintiffs complied with the marking requirements of 35 U.S.C. § 287;

15. Prior to the filing of this lawsuit, TOTO informed American Standard in writing of its belief concerning infringement by American Standard of the '329 Patent, and provided American Standard at that time with a copy of the '329 Patent;

16. On information and belief, American Standard manufactures, offers for sale, sells, distributes, and / or imports Bath and Kitchen products in and throughout the United States, in the State of New York, and in this judicial district;

17. American Standard's Bath and Kitchen Business competes with Plaintiffs' Bath and Kitchen Business in and throughout the United States, in the State of New York, and in this judicial district;

18. Upon information and belief, by manufacturing, using, selling, offering for sale, distributing, and / or importing Bath and Kitchen products, including, among others, a toilet known as "the Cadet III" or "the Cadet 3," in the State of New York and this judicial district, American Standard has purposefully availed itself of the benefits and protection of the laws of the State of New York and this judicial district, as well as the privilege of conducting business therein;

## COUNT I - INFRINGEMENT OF THE '329 PATENT

19. Plaintiffs repeat and reallege each of the allegations in paragraphs 1 through 18 as if fully set forth herein;

20. Upon information and belief, American Standard has and is continuing to infringe, contribute to the infringement of, and / or induce the infringement of, the claim of the '329 Patent, all without the consent or authorization of Plaintiffs;

21. As a direct and proximate result of American Standard's aforesaid acts and conduct, Plaintiffs' businesses and profits have been and will continue to be damaged in an amount to be determined at trial;

22. Further, by reason of American Standard's aforesaid acts and conduct, Plaintiffs have suffered, are suffering, and will continue to suffer, irreparable harm and damage, for which Plaintiffs have no adequate remedy at law, and unless American Standard is enjoined from continuing its wrongful acts, the harm and damage to Plaintiffs will continue and increase, thus resulting in further irreparable harm to Plaintiffs;

## COUNT II - WILLFUL INFRINGEMENT OF THE '329 PATENT

23. Plaintiffs repeat and reallege each of the allegations in paragraphs 1 through 22 as if fully set forth herein;

24. Upon information and belief, prior to the filing of this lawsuit American Standard knew and was specifically made aware of the '329 Patent, and that the claim of the '329 Patent covered American Standard Bath and Kitchen products, including a toilet known as "the Cadet III" or "the Cadet 3";

25. Upon information and belief, American Standard's infringement has been willful, wanton, and deliberate;

26. Plaintiffs are entitled to recover from American Standard damages adequate to compensate for the infringement, including but not limited to American Standard's total profits, enhanced damages for its willful infringement, and Plaintiffs' costs and attorneys fees.

## DEMAND AND REQUEST FOR RELIEF

WHEREFORE, Plaintiffs TOTO and TOTO U.S., respectfully, pray that this Court enters judgment in their favor against American Standard, and grants the following relief:

A. Adjudge and decree that American Standard has been and is currently infringing, inducing others to infringe, and committing acts of contributory infringement, of the '329 Patent;

B. Preliminarily and permanently enjoin American Standard, their officers, agents, servants, employees, successors, and assigns, and all persons acting in

concert with them, or on their behalf or within their control, from continued infringement of the '329 Patent;

C. Adjudge and decree that American Standard shall send written notification to each of its customers of the infringing products advising them of the entry of the Injunction and Order set forth above, and requesting that the infringing products be returned to Defendant;

D. Adjudge and decree that American Standard shall deliver up for destruction any and all infringing products, including those returned in compliance with the Order set forth above;

E. Adjudge and decree that American Standard's infringement, active inducement of infringement, and contributory infringement, was willful;

F. Grant to Plaintiffs compensatory damages in an amount to be determined at trial, including both pre-judgment and post-judgment interest;

G. Award to Plaintiffs the total profits of American Standard as provided under 35 U.S.C. § 289;

H. Award to Plaintiffs treble damages pursuant to 35 U.S.C. § 284;

I. Adjudge, decree, and enter an order declaring this an exceptional case and award Plaintiffs interest, costs, and disbursements in this action, including reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

J. Award Plaintiffs such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby respectfully request a trial by jury of all issues so triable in this action.

Dated: September 11, 2007

Respectfully submitted,

DARBY & DARBY, P.C.

By: _____
Steven E. Lipman (SL-9395)
Joseph R. Robinson (JR-9308)
Kevin L. Reiner (KR-0952)
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0042
Tel: 212.527.7700
Fax: 212.527.7701
slipman@darbylaw.com
jrobinson@darbylaw.com
kreiner@darbylaw.com

COUNSEL FOR PLAINTIFFS
TOTO LTD. and TOTO U.S.A., INC.